IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JIMMY TATE,<br>JALECEYA TATE,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>GRADY MEMORIAL HOSPITAL,<br><br>　　　　　Defendant. | Case No. 25-cv-00350-DKW-RT<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

　　　　On August 14, 2025, Plaintiffs Jimmy and Jaleceya Tate, proceeding without counsel, filed a Complaint against Defendant Grady Memorial Hospital, asserting numerous claims allegedly arising out of the "unlawful[] access and distribut[ion]" of "confidential medical records…." Dkt. No. 1. At the same time, one of the Plaintiffs signed a document entitled, "ex parte motion to waive filing fees and surcharges under Hawaiʻi Revised Statutes Chapter 607" ("IFP Application"). Dkt. No. 2. For the reasons set forth below, the IFP Application is DENIED WITHOUT PREJUDICE to re-filing.

　　　　Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, there are at least two deficiencies with the IFP Application that must be corrected before the foregoing inquiry can occur. First, although there are two Plaintiffs in this case, with the names of both appearing at the top of the IFP Application, the document contains only a single, illegible signature. *See* Dkt. No. 2 at 2. Second, while it is again unclear, the information provided in the IFP Application appears to only concern one of the two Plaintiffs. *See generally id.* (answering questions phrased in the singular). This is insufficient. Specifically, should Plaintiffs wish to proceed without prepaying fees or costs in this action, they must file <u>individual</u> and <u>separate</u> IFP applications and demonstrate that they <u>both</u> have an inability to pay said fees or costs. *See, e.g.*, *Ellis-Sanders v. Guardian Piazza D'Oro LLC*, 2024 WL 4442012, at *2 (S.D. Cal. Sep. 4, 2024) (citing cases for the proposition that "each named plaintiff must submit separate applications to

2

proceed as a pauper before a court will grant multiple plaintiffs in forma pauperis status in one action.") (quotation omitted).

Additionally, although proceeding in *federal* court, the IFP Application was submitted using a *State* court application for the same relief. This is also insufficient, not the least because the application used does not include matters, such as monthly expenses, that would provide a more complete picture of an applicant's financial ability to pay fees or costs.[2] Accordingly, should Plaintiffs wish to proceed without prepaying fees or costs in this action, they must use the IFP application approved by this Court, <u>two</u> copies of which will be sent to the mailing address on file for the Plaintiffs. Each individual Plaintiff must answer <u>all</u> questions on said application completely and accurately, and each Plaintiff must sign the respective form each submits.

For these reasons, the IFP Application, Dkt. No. 2, is DENIED WITHOUT PREJUDICE. Plaintiffs may have until **September 16, 2025** to *either* (1) pay the filing fee for this action, *or* (2) file <u>two</u> new IFP applications, one for each Plaintiff.

**Plaintiffs are cautioned that the failure to either pay the filing fee or file two new IFP applications by September 16, 2025, consistent with the guidance above, will result in the automatic dismissal of this action without prejudice.**

---

[2]The IFP Application cites Hawaiʻi Revised Statutes Chapter 607, though State law is irrelevant to whether Plaintiffs are entitled to proceed without prepayment of fees or costs in *federal* court.

The Clerk of Court is DIRECTED to mail Plaintiffs two blank Applications to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: September 2, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Tate et al. v. Grady Memorial Hospital*; Case No. 25-cv-00350-DKW-RT; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**