IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JIMMY TATE, *et al.* | Case No. 25-cv-00350-DKW-RT |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS[1]** |
| vs. | |
| GRADY MEMORIAL HOSPITAL, | |
| Defendant. | |

On August 14, 2025, *pro se* Plaintiffs Jimmy and Jaleceya Tate filed a Complaint against Defendant Grady Memorial Hospital, asserting numerous claims allegedly arising out of the "unlawful[] access and distribut[ion]" of "confidential medical records…."  Dkt. No. 1.  On September 8, 2025, the Plaintiffs filed two applications to proceed *in forma pauperis* ("IFP Applications").  Dkt. Nos. 10 & 11.

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit which demonstrates that they lack the ability to pay.  Though IFP applicants need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), they must "allege poverty with some

---

[1]Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted).  The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, the IFP Applications contain discrepancies that must be addressed before the Court can properly evaluate Plaintiffs' IFP status.  First, although the two Plaintiffs, who appear to be married, claim to live at the same address, they report material differences in their purported housing expenses: one application states that the household pays "$1450 per month in mortgage payments," Dkt. No. 10 at 2, whereas the other lists only "rent [totaling] $1000 per month," Dkt. No. 11 at 2.  Notably, neither application lists a home among their assets, meaning not only are the reported housing expenses different, but it is unclear whether Plaintiffs are homeowners or renters.  Second, one application lists four dependent-children as part of the household.  Dkt. No. 10 at 2.  The other application lists no dependents.  Dkt. No. 11 at 2.  Finally, one application states that the household pays $85 per month for car insurance, but neither application identifies a vehicle as an asset.  *Id*.  The Court cannot ignore these discrepancies, given that the size of Plaintiffs' household and their expenses and assets bear directly on their entitlement to IFP status.  *See Escobedo*, 787 F.3d at 1234.

Accordingly, should Plaintiffs wish to proceed without prepaying fees or costs in this action, they must address the above-noted discrepancies in their IFP Applications.  Should they choose to refile their IFP Applications, they must clearly state, among other things, their assets, expenses, and number of dependents. If Plaintiffs are living separately or otherwise differ in their individual assets, expenses, or dependents, they must make such information clear in their refiled IFP Applications.

For these reasons, the IFP Applications, Dkt. Nos. 10 and 11, are DENIED WITHOUT PREJUDICE.  Plaintiffs have until **September 24, 2025** to *either* (1) pay the filing fee for this action, *or* (2) file two new IFP applications, one for each Plaintiff, consistent with the guidance above, *or* (3) file a single IFP application on behalf of both Plaintiffs that combines their reported income, assets, expenses and other information required by the application form.

**Plaintiffs are cautioned that the failure to accomplish one of these options by September 24, 2025, consistent with the guidance above, will result in the automatic dismissal of this action without prejudice and without further notice.  If Plaintiffs no longer wish to proceed with this action, they must file a letter advising the Court as such.**

The Clerk of Court is DIRECTED to mail Plaintiffs two blank Applications to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

DATED: September 10, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Tate et al. v. Grady Memorial Hospital*; Case No. 25-cv-00350-DKW-RT; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**